# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Andrew Lamar Gould,

                Plaintiff,      Case No. 13-cv-11624
                                     Hon. Judith E. Levy

v.                                    Mag. Judge Mona K. Majzoub

Commissioner of Social Security,

                Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S [16] OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S [14] REPORT & RECOMMENDATION, DENYING PLAINTIFF'S [10] MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S [13] MOTION FOR SUMMARY JUDGMENT**

This is an appeal from a denial of Social Security disability benefits. Before the Court are the parties' cross-motions for summary judgment. Magistrate Judge Majzoub filed a Report and Recommendation ("R&R") on May 14, 2015, in which she recommends granting the Commissioner of Social Security's motion for summary judgment and denying plaintiff Andrew Lamar Gould's motion for summary judgment. (Dkt. 14.) Gould timely filed objections to the R&R on May 19, 2014. (Dkt. 16.) For the reasons discussed below, the

Court will deny Gould's objections, adopt the Magistrate Judge's Report and Recommendation, deny Gould's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## I. Factual background

The Magistrate Judge adequately recounted the relevant facts and procedural history. Her findings are incorporated herein.

## II. Standard of review

District courts review *de novo* those portions of a report and recommendation to which a specific objection has been made. 28 U.S.C. § 636(b)(1)(C). "*De novo* review in these circumstances entails at least a review of the evidence that faced the magistrate judge; the Court may not act solely on the basis of a report and recommendation." *Spooner v. Jackson*, 321 F. Supp. 2d 867, 868-69 (E.D. Mich. 2004).

In deciding Social Security appeals, the Court is limited to determining whether the ALJ applied the correct legal standards in reaching a decision, and whether the ALJ's findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th

Cir.2007) (citation and internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.* (citation and internal quotation marks omitted).

### III. Analysis

The ALJ decided to give little weight to the opinion of Gould's treating physician. The Magistrate Judge found the ALJ's decision was supported by substantial evidence. Gould objects to that finding, arguing that the Magistrate Judge, and the ALJ, misapplied the treating physician rule. Gould raises no other objections to the R&R.

Under the treating physician rule, if "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record," it must be given controlling weight, unless the ALJ gives "good reasons" for not doing so. 20 C.F.R. § 404.1527(c)(2); *Gentry v. Comm'r Soc. Security*, 714 F.3d 708, 727 (6th Cir. 2014). If the treating source's opinion is not given controlling

3

weight, the ALJ must apply other factors to determine what weight to give the opinion. *Gentry*, 714 F.3d at 727.

Here, the ALJ gave little weight to the opinion of Dr. Sajida Mathew, a psychiatrist who treated Gould from December 2008 to March 2011. (Dkt. 7-2, Transcript 19-20 [hereinafter "Tr."].) The ALJ gave several reasons for this decision; relevant here is the ALJ's determination that Dr. Mathew's opinions in a medical source statement (Tr. 403-408) were not consistent with Dr. Mathew's own treatment notes. (Tr. 20.)

The ALJ noted that Dr. Mathew evaluated Gould on two occasions: once in December 2008 and once in December 2009. (Tr. 19.) Otherwise, Dr Mathew only saw Gould for "brief medication review appointments." (*Id.*) Dr. Mathew completed at least part of a medical source statement in March 2011, in which she opined that Gould could not independently, appropriately, or effectively complete a workday without interruption from psychologically based symptoms. (Tr. 403-08.) Dr. Mathew found that Gould was seriously limited with regard to many areas of functioning. The ALJ found Dr. Mathew's opinion contradicted her own contemporaneous treatment notes, which

4

consistently indicate Gould's improvement and mental stability. (Tr. 20.) According to the ALJ, the notes further show Gould has far fewer limitations and is doing much better than Dr. Mathew's source statement indicates. (*Id.*)

Dr. Mathew's source statement indicates Gould is "seriously limited, but not precluded" with respect to the following mental abilities and aptitudes needed to do unskilled work: remember work-like procedures; maintain attention for 2 hour segment; maintain regular attendance and be punctual; sustain an ordinary routine without special supervision; work in coordination with or in proximity to others without being unduly distracted; make simple work-related decisions; perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism from supervisors, and deal with normal work stress. (Tr. 405.) The source statement further indicates Gould is unable to meet competitive standards with respect to the following: complete a normal workday and workweek without interruptions from psychologically-based symptoms. (*Id.*)

Dr. Mathew's treatment notes comprise two evaluations conducted in December 2008 and December 2009, medication review notes for each month of 2009 except February, medication review notes for March, April, and October 2010, and a medication review note for March 2011.

Dr. Mathews evaluated Gould's memory twice, indicating it was good at the December 2008 evaluation, and "fair" at the December 2009 evaluation. (Tr. 255, 261.) She recorded his attention and concentration as within normal limits in March, April, May, June, July, August, September, October, and November of 2009; in March, April, May, June, July, August, September, and October 2010; and in March 2011. (Tr. 310, 313, 316, 321, 324, 327, 330, 333, 336, 415, 418, 425, 433, 438, 443, 446, 450, 454.) Although Gould's judgment is frequently indicated as limited, it is listed as "better" in January 2009, then as within normal limits or as "better" in June, August, and September 2009, and again in August 2010. (Tr. 307, 321, 327, 330, 443.) Stability or improvement are indicated on numerous occasions: January 2009 (mood improved, energy and motivation better, clinical status improving); March 2009 (in good spirits, symptoms stable); April 2009 (mood stable, symptoms stable); July 2009 (depression "lifting," energy

6

and motivation better); September 2009 (mood stable, mood improved); July 2010 ("doing better"); August 2010 (doing "good", handling father's death "okay"); September 2010 ("doing real good", "dealing with stressors better", symptoms stable); October 2010 (stable mood); and March 2011 (feeling great, motivated to go to work). (Tr. 306, 308, 310, 312, 313, 324, 330, 423, 430, 438, 440, 442, 446.) In fact, the medication review note for March 2011 – the same month Dr. Mathew reported serious limitations in Gould's ability to work – relates that Gould was working part-time and felt motivated to go to work. (Tr. 423.)

In his objection, Gould points to several places in Dr. Mathew's treatment notes that, he contends, are consistent with the Dr. Mathew's opinion in the medical source statement. (Dkt. 16, Objections 2-3.) First, Dr. Mathew "documented a long history of manic symptoms." (*Id.*) To be sure, Dr. Mathew does mention Gould's history of manic symptoms in the December 2008 and 2009 evaluations, but she does so in describing Gould's mental health treatment history. (Tr. 252.) Dr. Mathew further writes that Gould "stated that when he gets manic he has increased energy, increased psychomotor activity, has racing thoughts, hyperverbal speech and poor sleep." Dr. Mathew's treatment

7

notes consistently reflect Gould having no racing thoughts or increased psychomotor activity, and only occasional poor sleep. On one occasion, Dr. Mathew's notes show Gould reporting increased psychomotor activity and energy, but also reporting improvement in those symptoms in the days before the November 2009 medication review. (Tr. 336.) In other words, even if Gould had a history of manic symptoms, Dr. Mathew's notes show those symptoms occurring only once during the period from December 2008 through March 2011.

Gould also cites four places where the treatment notes reflect his symptoms growing "more depressive or less stable." (Dkt. 16, Objections 3.) Two of the pages Gould cites reflect the same evaluation on June 19, 2009. (Tr. 286, 320.) Gould reported feeling sad that day because of his father's chronic illness. (*Id.*) The August 2009 medication review indicates Gould "having more negative thoughts recently" and "feeling low." (Tr. 327.) The final page Gould cites is from the November 2009 medication review, mentioned above, at which Gould reported increased psychomotor activity and energy, but also reported improvement in those symptoms. (Tr. 336.) This does not constitute "variability over time," as Gould contends; rather, it shows a

8

period in which Gould felt low in summer 2009, apparently tied to the health of his father, and one instance in November 2009 when Gould reported manic symptoms that improved. Otherwise, as discussed above, Dr. Mathew's treatment notes consistently reveal stability and improvement, as the ALJ found.

In sum, the ALJ's determination to give Dr. Mathew's opinion statement little weight is supported by evidence that a reasonable mind might accept as adequate. The Court must therefore defer to that determination.

Gould further objects to the ALJ's treatment of the opinions of Gould's therapists, Gina Palacios and Andrea Orsini-Brown. (Dkt. 16, Objections 3-4.) The ALJ found these opinions inconsistent with Palacios' and Orsini-Brown's evaluations of Gould, and with Gould's description of his own level of functioning. (Tr. 18). The ALJ thus afforded the opinions little weight. (*Id.*)

As Gould acknowledges, however, the ALJ was not required to accord any special weight or consideration to the opinions of Palacios and Orsini-Brown, as they are not opinions from acceptable medical

9

sources as defined in the Social Security regulations. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a).

## IV. Conclusion

Accordingly, plaintiff's objections (Dkt. 16) are DENIED;

The Magistrate Judge's Report and Recommendation (Dkt. 14) is ADOPTED;

Plaintiff's Motion for Summary Judgment (Dkt. 10) is DENIED; and

Defendant's Motion for Summary Judgment (Dkt. 13) is GRANTED.

IT IS SO ORDERED.

Dated: February 4, 2015　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2015.

　　　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　Case Manager

10